Filed 9/29/23  P. v. Stephany CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062228 |
| v. | (Super. Ct. No. 14HF2889) |
| NEIL STORM STEPHANY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Neil Storm Stephany filed a petition for resentencing pursuant to Penal Code section 1172.6.[1] At the prima facie hearing on the petition, the trial court found Stephany ineligible for relief as a matter of law and denied the petition. Appointed appellate counsel for Stephany filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and *People v. Wende* (1979) 25 Cal.3d 436, setting forth the facts of the case. Acknowledging *Delgadillo* and *Wende*, appellate counsel has asked this court to conduct an independent review of the record. Stephany was provided 30 days to file written argument on his own behalf but did not do so.

Exercising our discretion to independently review the entire record, we find no reasonably arguable issue. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2015, a jury found Stephany guilty of second degree murder (§ 187, subd. (a)). The trial court imposed a total sentence of 15 years to life. This court affirmed the judgment on direct appeal. (*People v. Stephany* (Aug. 10, 2017, G053063) [nonpub.opn.].)

In September 2022, Stephany filed a petition for resentencing pursuant to section 1172.6. Counsel was appointed at his request. The People filed a response to Stephany's petition, arguing it should be denied, and Stephany's counsel filed a brief in support of the petition. The trial court conducted a prima facie hearing on the petition. After reviewing the People's opposition to the petition, Stephany's counsel's brief in support of the petition, as well as the record of conviction, the trial court found Stephany had failed to establish a prima facie showing for relief. A statement of decision was then issued by the trial court. Stephany appealed.

---

[1]  All further statutory references are to the Penal Code.

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437) amended the felony murder rule and natural and probable consequences doctrine as it relates to murder "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) Senate Bill 1437 also added the former section 1170.95, which provides procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis, supra*, at p. 957.) A subsequent amendment to former section 1170.95 extended relief to defendants convicted of attempted murder based on the natural and probable consequences doctrine or manslaughter. (Sen. Bill No. 775 (2021–2022 Reg. Sess.) Stats. 2021, ch. 551.)

After receipt of a section 1172.6 resentencing petition, counsel shall be appointed upon petitioner's request. (§ 1172.6, subds. (b)(1)–(3).) The prosecutor must then file a response to the petition, and a reply may be filed by the petitioner. (§ 1172.6, subd. (c).) The trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid*.)

At the prima facie hearing the trial court may rely on the record of conviction. (*Lewis, supra,* 11 Cal.5th at pp. 970–971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under [former] section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.) Instructions given to the jury at petitioner's trial may be relied on by the trial court as part of the record of conviction at the prima facie hearing. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.)

Here, the trial court relied upon the jury instructions and single verdict form as part of the record of conviction. "The jury was instructed on one theory of guilt —

that of an actual perpetrator/killer.  [Stephany] was the solo driver, and he killed a bicyclist under the influence and was convicted of a 'Watson' type murder."  Additionally, the trial court noted the jury was not instructed on imputed malice, felony murder, conspiracy, or the natural and probable consequences doctrine, and the jury was not instructed on "aiding and abetting any other perpetrator."  The record of conviction established Stephany was the direct perpetrator and he was not convicted under a vicarious liability theory.  Relief was properly denied by the trial court.

After independently reviewing the entire appellate record, we find no arguable issue.

## DISPOSITION

The postjudgment order denying the resentencing petition is affirmed.


MOTOIKE, J.


WE CONCUR:


O'LEARY, P.J.


BEDSWORTH, J.


4